CHARLES D. HARSHMAN and IDA G. HARSHMAN

*vs.*

GRAYSON H. MERCER.

*Bill of Exceptions—Ruling on Prayers—Commissions on Sale
of Land—Declaration.*

The rulings of the lower court upon the prayers cannot be
reviewed in the absence of any bill of exceptions thereto.

p. 597

In an action to recover commissions on the sale of defendants'
farm, under a contract which provided that plaintiff should
have the exclusive sale thereof and that defendants, when ready
to sell, should list the farm with plaintiff, and inform him as
to the price and terms of sale acceptable to them, the declara-
tion was not insufficient because it failed to state that the farm
was so listed, it averring that while plaintiff was in the employ-
ment of defendants under said contract he, plaintiff, procured
a purchaser, who "was and is ready, willing and able to pur-
chase and pay the price upon terms and conditions agreeable
and satisfactory to defendants, but that" the latter "refused to
consummate a sale" to such purchaser, and although plaintiff
"within the scope of his employment procured a purchaser as
aforesaid," defendants did not sign a contract of sale with him.

pp. 598, 599

*Decided January 15th, 1920.*

Appeal from the Circuit Court for Frederick County
(WORTHINGTON, J.).

The cause was argued before BOYD, C. J., THOMAS, PATTI-
SON, URNER, STOCKBRIDGE and ADKINS, JJ.

*H. Dorsey Etchison,* with whom was *Frank L. Stoner* on
the brief, for the appellants.

*Harry C. Hull,* with whom was *Leo Weinberg* on the brief,
for the appellee.

PATTISON, J., delivered the opinion of the Court.

The declaration in this case contains four of the common counts and three special counts.

The plaintiff by the special counts seeks to recover commissions for the sale by him of defendants' lands. The first of these, the fifth count, is upon an alleged oral agreement, while the sixth and seventh counts were upon an alleged written agreement, dated August 26th, 1918, which is as follows:

"Witnesseth, that for and in the consideration of a compromised settlement of an agreement dated December 27, 1917, for the payment of the commission on a certain farm, known as the 'Cramer Farm,' containing 200 acres, more or less, made this day, we, the said Charles D. Harshman and Ida G. Harshman, his wife, do give and covenant and agree with Grayson H. Mercer, that he shall have the exclusive sale of the aforesaid farm, on which we now live, at the time we desire to sell the said farm and at the price we shall ask for the said farm, subject to the following terms and conditions:

"1.   That the said Charles D. Harshman and Ida G. Harshman, his wife, may sell said farm at any time, provided no commission is paid to any agent or attorney.

"2.   That when they are desirous of disposing of the said farm, they will first list same with Grayson H. Mercer, agent for real estate, and inform him of the price and terms of sale acceptable to them, and of the time the sale is to be consummated.

"3.   That if the said farm is listed with other agents than the said Grayson H. Mercer, and sold by another agent than the said Grayson H. Mercer, the said Charles D. Harshman agrees to inform such other agent that the commission agreed upon or accruing from such sale shall be adjusted between the said Grayson H. Mercer and such other agent by whom such sale is made, so that but one commission shall be paid and that the said Grayson H. Mercer shall receive his share of said commission."

The defendant pleaded "never promised as alleged" to the first four counts and demurred to each of the fifth, sixth and seventh counts. These demurrers were overruled and the defendants filed the general issue pleas thereto.

The case then proceeded to trial and as shown by the record, the plaintiff, at the conclusion of the evidence, offered three prayers. Of these, the first and third were granted and the second rejected. The defendants offered five prayers. Their first, second and fifth were granted and their third and fourth were rejected. The action of the Court upon each of the prayers is shown, not only by the prayers being marked "granted" or "rejected," but also by the docket entries found in the record. The record, however, contains no bill of exceptions to the rulings of the Court upon the prayers, consequently its rulings thereon cannot be reviewed by us on this appeal. *Poe's Practice,* Sec. 312.

There is no question presented by the appeal except the Court's rulings upon the demurrers to the special counts of the declaration, and as it is shown by the record that the case went to the jury upon the sixth count of the declaration only, the jury having been told by the granted instructions of the Court that there was no evidence legally sufficient to go to the jury upon the other counts, we have only to review the Court's ruling upon the demurrer to the sixth count of the declaration.

The contention is made by the defendants that the sixth count of the declaration fails to allege that the defendants ever listed said farm with the plaintiff to be sold by him, as provided in said contract, and as his authority to sell and his right to recover commissions for the sale of the same depended upon such fact, the declaration was defective because of its failure to allege it.

The alleged written contract contains the provision that the plaintiff "shall have the exclusive sale of the aforesaid farm, (the Cramer Farm) on which we now live, at the time we desire to sell the said farm and at the price we shall ask

for the said farm," subject, however, to the conditions, first, that the defendants might sell said farm at any time, provided no commission was paid to any agent or attorney; and second, that when they desired to dispose of said farm, they would first list the same with the plaintiff "and inform him of the price and terms of sale acceptable to them, and of the time the sale is to be consummated." There is a third condition, but we need not state it as it is in no wise involved in the decision of the question before us.

The defendants in saying that they would list the property with the plaintiff meant that when they decided to sell it through an agent, they would employ the plaintiff and him alone and would give to him the exclusive authority to sell it, subject to their right to sell it at any time.

The declaration says that by the contract the plaintiff was "to have the exclusive sale of their farm * * * upon certain terms and conditions therein stipulated, which is herewith filed as a part of this declaration; and the plaintiff says that, while said contract was in full force, *and while he was in the employment of the defendants under said contract,* he, the plaintiff, procured a purchaser for said farm, who was made known to the defendants, and who was then, as he is now, ready, willing and able to purchase and pay the *price therefor upon terms and conditions agreeable and satisfactory to the defendants,* but that the defendants by their own default refused to consummate a sale to the purchaser procured by the plaintiff, and, although the plaintiff *within the scope of his employment* procured a purchaser as aforesaid, the defendants by their own default did not sign a contract of sale with the aforesaid vendee, procured by the plaintiff, and the plaintiff is deemed to have earned the customary commissions, but the defendants have refused and still refuse to compensate the said plaintiff by the payment to him of the usual and customary commissions on the sale of farm and for his services thus rendered."

The plaintiff in alleging his employment by the defendants to make sale of the farm does not use the expression that the farm was listed with him by the defendants, nor do we think it was necessary for him to do so. The effect of listing the farm with the plaintiff was to employ and to authorize him to sell it, and such employment and authorization to sell said farm at a price and "upon terms and conditions agreeable and satisfactory to the defendants" is, we think, alleged in the declaration with sufficient certainty. But should it be held upon the record that the rulings of the Court upon the demurrers to the fifth and seventh counts are properly before us, we discover no error in such rulings.

Therefore, as we find no error in the only ruling of the Court presented by this record, the judgment recovered by the plaintiff in the Court below will be affirmed.

*Judgment affirmed, with costs.*